OPINION
{¶ 1} Appellant, Ryan Brewsaugh, appeals his adjudication as a juvenile traffic offender by the Warren County Court of Common Pleas, Juvenile Division. We affirm the adjudication.
 {¶ 2} On March 6, 2002, appellant was driving to Little Miami High School when he was stopped by Hamilton Township Police Officer Scott Carlton. Officer Carlton, using a laser device to detect vehicle speed, determined that appellant was driving at a speed of 44 m.p.h. in the designated school zone adjacent to Little Miami High School. Signs at either end of the school zone indicate that the school zone speed limit of 20 m.p.h. is in effect from 2:00 p.m. to 3:00 p.m. Officer Carlton noted on the uniform traffic citation that the time was 2:30 p.m.
 {¶ 3} The matter proceeded to trial before a magistrate. At the hearing, Officer Carlton testified to the above facts. Appellant testified that he was traveling at a rate of 25 to 30 m.p.h., and that he was stopped by Officer Carlton between 3:00 and 3:10 p.m., in the high school parking lot. Appellant's friend, Stephen O'Dell testified that he was driving several car lengths in front of appellant. He testified that he arrived at Little Miami High School between 2:55 p.m. and 3:00 p.m., and that he had been driving at a rate of 25 to 30 m.p.h. The magistrate found that appellant committed the offense as charged and adjudicated him a juvenile traffic offender for speeding in a school zone, a violation of R.C. 4511.21(B)(1)(a). Appellant filed timely objections which the trial court overruled. On appeal, appellant raises a single assignment of error:
 {¶ 4} "THE COURT ERRED IN FINDING DEFENDANT GUILTY OF THE OFFENSE, WHERE THERE WAS REASONABLE DOUBT ABOUT WHETHER THE SCHOOL ZONE WAS IN EFFECT AT THE TIME AT WHICH DEFENDANT WAS STOPPED."
 {¶ 5} Appellant's sole contention is that the trial court erred by relying on Officer Carlton's testimony that the offense occurred at 2:30 p.m. Although not stated in precise terms, we construe appellant's assignment of error as attacking the adjudication as against the manifest weight of the evidence, i.e., that the adjudication is not supported by credible evidence.
 {¶ 6} When reviewing whether a conviction is supported by the manifest weight of the evidence, this court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction.State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 7} Appellant argues that the magistrate who heard the officer's live testimony did not find it credible, and that the trial court should have deferred to the magistrate's credibility determination. Coupled with the trial court's conclusion that the time of the offense is an essential element, appellant concludes that the adjudication must be vacated.
 {¶ 8} We first note that the trial court does not defer to the decision of the magistrate by applying an appellate-like standard of review. Knauer v. Knauer (2001), 143 Ohio App.3d 789, 793. Rather, Civ.R. 53(E)(3)(b) contemplates that, when appropriate objections are filed, the trial court will conduct a de novo review of any issue of fact or law that a magistrate has determined. Id. The trial court is the "ultimate authority" at the trial level and can substitute its judgment for that of the magistrate. State ex rel. Hrelec v. Campbell,146 Ohio App.3d 112, 2001-Ohio-3425, at ¶ 17 (citations omitted). Because a magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function, the trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. Knauer at 793.
 {¶ 9} We also note that appellant has taken some liberty in characterizing the magistrate's decision. Review of the decision reveals that the magistrate did not find Officer Carlton's testimony unbelievable, but rather found that the precise time of the offense was irrelevant to appellant's guilt or innocence. The magistrate's decision states, "the reduced speed limit was still in effect, even if the Court were to determine that the offense time was 3:05 p.m." The magistrate made no specific finding as to Officer Carlton's credibility. Reviewing appellant's objections, the trial court rejected the magistrate's assertion that the time was irrelevant and instead found that the time of the offense was "critical." Reviewing the testimony, the trial court concluded that the offense occurred while the school zone was in effect.
 {¶ 10} R.C. 4511.21(B)(1)(a) provides that it is unlawful to operate a motor vehicle in excess of 20 m.p.h. "while children are going to or leaving school during the opening or closing hours, and when 20 miles per hour speed limit signs are erected." The school speed zone at issue is marked with signs indicating that the speed zone is in effect from 2:00 p.m. to 3:00 p.m. Officer Carlton determined appellant's speed to be 44 m.p.h. in the school zone, at 2:30 p.m. Appellant's witness testified that appellant was following behind him in the school zone, traveling between 25 and 30 m.p.h. at 2:55 or 3:00 p.m. Appellant himself testified that he was traveling at a rate of 25 to 30 m.p.h., although maintaining that the time was 3:00 p.m. or later.
 {¶ 11} Reviewing this evidence, we find that the fact-finder did not clearly lose its way in resolving the conflict in the evidence. Its resolution of the conflicting testimony did not create a manifest miscarriage of justice requiring reversal of the adjudication. Accordingly, the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.